UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRADLEY THULIEN and
TAMARA THULIEN,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, and
TRW REAL ESTATE LOAN SERVICES,

Defendants.

Civil 00-415 (PAM/JGL)

**ORDER**

---

Plaintiffs have filed a complaint seeking relief for financial losses arising out of a 1992 real estate transaction. Plaintiffs did not pay the $150 filing fee that is normally required for civil actions, (see 28 U.S.C. § 1914(a)), but they instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) That application is now before the Court.

Plaintiffs' IFP application shows that at least one of them is employed by "Conesco Financial," and is earning take-home pay in the amount of $2200 per month. The IFP application further indicates that one of the Plaintiffs is earning $250 per month from self-employment. Plaintiffs represent that they have only one minor dependant, and it does not appear that they have any other unusual debts or financial responsibilities.

Based on Plaintiffs' income, as reflected in their IFP application, it appears that they should have the financial ability to pay the court filing fee of $150 and the costs of service of process. Because Plaintiffs have not adequately explained why they believe they are

FILED FEB 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

unable to afford such fee and costs, their IFP application will be DENIED.[1]

However, Plaintiffs shall be given an opportunity to pay the normal $150 filing fee, and if they choose to do so, they will be allowed to pursue their claims as non-IFP litigants. If Plaintiffs pay the $150 filing fee within twenty (20) days after the date of this order, the action will be allowed to proceed. If they fail to pay the full amount of the filing fee within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' IFP Application, (Docket No. 2), is **DENIED;** and

2. Plaintiffs shall pay the full filing fee of $150 within twenty (20) days after the date of this order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: Feb 18, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[1] The Court notes that the IFP application has been signed by only one of the two plaintiffs – namely Bradley Thulien. The absence of co-plaintiff Tamara Thulien's signature on the IFP application could be understood to mean that she is not seeking IFP status, in which case she would be required to pay the full $150 filing fee by herself. For present purposes, however, the Court will assume that Ms. Thulien inadvertently neglected to sign the application, and that she intended to join in the IFP application that was signed by Mr. Thulien alone. In any event, (and regardless of Ms. Thulien's intent), the Court concludes that the filing fee for this action should not be waived.