UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradley and Tamara Thulien, Civ. File No. 00-415

Plaintiffs,

v. **ORDER**

Department of Housing and Urban Development,

Defendant.

---

This matter is before the Court upon Defendant Department of Housing and Urban Development's ("HUD") Motion to Dismiss or, in the Alternative, for Summary Judgment. HUD is an agency of the situated within the Executive Branch of the federal government. It is not an independent entity. HUD can only be sued in its own name if Congress explicitly authorizes such suits. See Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1188 (9th Cir. 1998); Knowles v. Worsham, 81 F.R.D. 1, 3 (E.D. Tenn. 1977). In the operative statutes creating HUD, Congress did not indicate such an intention. See 42 U.S.C. §§ 3531 et seq. Therefore, Plaintiffs' Complaint against HUD must be dismissed without prejudice.

Even if the Court were to consider Plaintiffs' claims, though, HUD's motion would still be granted. Essentially, Plaintiffs state a claim against the United States for some kind of tortious conduct related to the purchase of Plaintiffs' home from HUD. As a general rule, the United States enjoys sovereign immunity from suit. Congress has, to a limited degree, waived a portion of this immunity and allowed tort suits against the United States in some

FILED JUL 1 0 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUL 1 0 2000
DEPUTY CLERK

circumstances. All tort claims against the United States must be pursued through the Federal Tort Claims Act. However, in order to find relief under the FTCA, certain procedural requirements must be complied with. Most important, the FTCA requires that a plaintiff file an administrative claim with the relevant federal agency before filing suit against the United States in federal court. See 28 U.S.C. § 2675(a); see also Porter v. Fox, 99 F.3d 271, 275 (8th Cir. 1996). This is an "absolute prerequisite" to filing suit against the United States. Meeker v. United States, 435 F.2d 1219, 1220 (8th Cir. 1970).

In their Complaint, Plaintiffs do not allege that they ever filed a claim with HUD. Furthermore, HUD officials aver that the agency has never received a claim from Plaintiffs. (See Leong Dec. ¶ 2.) Without a filing with HUD, this Court lacks subject matter jurisdiction to hear Plaintiffs' suit.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Clerk Doc. No. 7) is GRANTED; and

2. Plaintiff's Complaint (Clerk Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.

Dated: July 10, 2000

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 10 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.